1

2

3

4

5

6

7

8                       **IN THE UNITED STATES DISTRICT COURT**

9                       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    FORREST KENDRID,                          No. 2:19-CV-1944-JAM-DMC-P

12                   Plaintiff,

13           v.                                 ORDER

14    KARANDEEP SINGH,

15                   Defendant.

16

17           Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant

18    to   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion (ECF No. 9) for

19    reconsideration of the court's October 28, 2019, order (ECF No. 8).

20           The court may grant reconsideration of a final judgment under Federal Rules of

21    Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is

22    appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart,

23    778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also

24    Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).

25           Under Rule 60(a), the court may grant reconsideration of final judgments and any

26    order based on clerical mistakes.  Relief under this rule can be granted on the court's own

27    motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and

28    docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

1   pending.  See id.

2          Under Rule 60(b), the court may grant reconsideration of a final judgment and any

3   order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

4   evidence which, with reasonable diligence, could not have been discovered within ten days of

5   entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See

6   Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be

7   brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P.

8   60(c)(1).  Under Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void;

9   (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been

10  reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any

11  other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration

12  on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

13         In this case, plaintiff seeks reconsideration because the court referred to him as a

14  "prisoner" instead of "civil detainee."  According to plaintiff's complaint, he is indeed a civil

15  detainee pursuant to California Penal Code § 1026.  Given the clerical error contained in the

16  court's order, reconsideration under Rule 60(a) is warranted and plaintiff's motion will be

17  granted.  Plaintiff will in future be referred to as a "civil detainee."  Substantively, the court's

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

2

October 28, 2019, order requiring plaintiff to resolve the fee status for this matter remains in effect.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for reconsideration (ECF No. 9) is granted to the extent the court made a clerical error in referring to plaintiff as a "prisoner" instead of a "civil detainee"; and

2.      Plaintiff shall comply with the October 28, 2019, order within 30 days of the date of this order.

Dated:  December 16, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3