IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>    Plaintiff,<br><br>    v.<br><br>KARANDEEP SINGH,<br><br>    Defendant. | No. 2:19-CV-1944-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion (ECF No. 16) for reconsideration of the court's January 8, 2020, order (ECF No. 8).

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In this case, plaintiff seeks reconsideration because the court referred to him as a "prisoner" instead of "civil detainee." According to plaintiff's complaint, he is indeed a civil detainee pursuant to California Penal Code § 1026. Given the clerical error contained in the court's order, reconsideration under Rule 60(a) is warranted and plaintiff's motion will be granted. Plaintiff will in future be referred to as a "civil detainee." Substantively, the court's January 8, 2020, order remains in effect.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 16) is granted to the extent the court made a clerical error in referring to plaintiff as a "prisoner" instead of a "civil detainee."

Dated: February 13, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2